IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAMELA TEDROW, et. al., ) | CASE NO.: 2:06cv637 |
| ) | |
| Individually and on behalf of ) | |
| all others similarly situated, ) | JUDGE FROST |
| ) | |
| Plaintiffs, ) | |
| ) | PLAINTIFF'S MOTION FOR LEAVE |
| v. ) | TO FILE AMENDED COMPLAINT |
| ) | |
| DOUGLAS M. COWLES, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Pamela Tedrow "("plaintiff"), respectfully moves this Court, pursuant to Federal Civil Rule 15(a), for an order granting leave to file an amended complaint. In support of this motion, plaintiff submits the attached memorandum in support and proposed amended complaint. This is anticipated to be the only time that plaintiff will seek leave to amend the complaint. Defendant does not consent to the granting of this motion.

Respectfully,

s/Steven C. Shane_____      s/Edward A. Icove_____
Steven C. Shane - 0041124      Edward A. Icove - 0019646
321 Fairfield Ave.      SMITH & CONDENI, LLP
Bellevue, KY. 41073      1801 East Ninth Street, Suite 900
Phone: (859) 431-7800      Cleveland, Ohio 44114
Fax: (859) 431-3100      Phone: (216) 771-1760 Fax: (216) 771-3387
Email: shanelaw@fuse.net      Email: Edward@smith-condeni.com

Attorney for Plaintiffs      Attorney for Plaintiffs

## BRIEF IN SUPPORT OF MOTION

On July 26, 2006, plaintiff, Pamela M. Tedrow ("plaintiff"), filed this private attorney general class action challenging an attorney debt collector's routine practice of suing consumers in distant forums in violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692k *et. seq,* and the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §§ 1345.01 *et. seq.*

On August 17, 2006 plaintiff filed a motion for class certification. Defendant's response is due by October 31, 2006. Plaintiff's reply is due by November 14, 2006.

On this date, plaintiff filed a supplemental motion for class certification. Defendant intends on deposing plaintiff and Tonya N. Pallo (a proposed party plaintiff in the attached amended complaint) in the next couple of weeks.

Federal Civil Rule 15(a) reads in relevant part as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise, a party may amend his pleading only by leave of court by written consent of the adverse party. Leave of court <u>shall</u> be freely given when justice so requires. (Emphasis added.)

In *Forman vs. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court indicated that amendment by leave should be liberally given. The Court stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

There is no apparent or declared reason why the leave sought should not be "freely given". Prior to the conducting the depositions of the plaintiff and Ms. Pallo and

2

filing a response to the amended motion for class certification, defendant has ample opportunity to review the attached amended complaint and amended motion for class certification. Thus, no prejudice would result to defendant by granting this leave to plead at this early stage of the proceedings.

Additionally, the record is devoid of any bad faith or dilatory motive on the part of the plaintiff. Furthermore, the granting of the motion is not futile. The legal issue of the original complaint, and the proposed class complaint is whether defendant's routine practice of suing consumers in distant forums violates the FDCPA and/or OCSPA. *See, e.g., Scott v. Jones*, 964 F.2d 314 (4th Cir. 1992); and *Dutton v. Wolhar*, 809 F. Supp. 1130 (D. Del. 1992); *Celebrezze v. United Research, Inc*, 19 Ohio App. 3d 49 (9th Dist. 1984) (Public Inspection File No. 10000454); and *Santiago v. S.S. Kresge Co.,* 2 Ohio Op.3d 53 (C.P. Cuyahoga 1976) (Public Inspection File No. 10000391). No other legal theory is added in the amended complaint.

Granting leave to amend the complaint bolters class representation. Moreover, the amended complaint and defines the proposed classes and claims for relief with more specificity, and includes a request for declaratory and injunctive relief. *See Wilwording v. Swenson*, 502 F.2d 844, 847 n. (8th Cir. 1974) (amendment merely clarifying or correcting allegations is less likely to cause surprise and should be permitted even late in the trial). Also, the granting of the motion will promote the efficiency and economy of this litigation, a principle purpose of class actions. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974).

For the aforementioned reasons, plaintiff's motion for leave to file an amended complaint should be granted.

| | |
|---|---|
| s/Steven C. Shane_____ <br> Steven C. Shane - 0041124 <br> 321 Fairfield Ave. <br> Bellevue, KY.  41073 <br> Phone: (859) 431-7800 <br> Fax: (859) 431-3100 <br> Email: shanelaw@fuse.net <br><br> Attorney for Plaintiffs | s/Edward A. Icove_____ <br> Edward A. Icove - 0019646 <br> SMITH & CONDENI, LLP <br> 1801 East Ninth Street, Suite 900 <br> Cleveland, OH  44114 <br> Phone: (216) 771-1760  Fax: (216) 771-3387 <br> Email: Edward@smith-condeni.com <br><br> Attorney for Plaintiffs |

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document was filed electronically on September 22, 2006.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                  s/Edward A. Icove <br>
                                  Attorney for Plaintiffs