IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAMELA TEDROW<br>33 West State Street, #4<br>Athens, OH 45701<br><br>and<br><br>TONYA N. PALLO<br>45 Fairview Avenue<br>Glouster, OH 45732<br><br>Individually and on behalf of themselves<br>and all others similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>DOUGLAS M. COWLES<br>435 Second Street<br>Gallipolis, Ohio 45631<br><br>             Defendant. | CASE NO.: 2:06cv637<br><br>JUDGE FROST<br><br>**AMENDED CLASS ACTION COMPLAINT: UNLAWFUL DEBT COLLECTION PRACTICES** |

## I. JURISDICTION

1.This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692k *et. seq*, and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367.

## II. INTRODUCTION

2.This private attorney general class action seeks to prohibit an attorney debt collector from suing consumers in distant forums in violation of the FDCPA*,* and the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §§ 1345.01 *et. seq.* This action requests declaratory and injunctive relief, actual damages, attorney fees and costs.

### III. PARTIES

3. Plaintiff, Pamela Tedrow, is a person residing in Athens County, Ohio, and is a consumer as defined in 15 U.S.C. § 1692a(3) and O.R.C. § 1345.01(D).

4. Plaintiff, Tonya N. Pallo, is a person residing in Athens County, Ohio, and is a consumer as defined in 15 U.S.C. § 1692a(3) and O.R.C. § 1345.01(D).

5. Plaintiffs, Pamela Tedrow, and Tonya N. Pallo, are collectively referred to as "named plaintiffs."

6. Defendant, Douglas M. Cowles ("defendant"), is a licensed Ohio attorney working out of Gallia County, who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. 1692a(6) and a "supplier" as defined at O.R.C. § 1345.01(C).

### IV. THE CHALLENGED PRACTICE

7. Defendant routinely files collection actions in the Gallipolis Municipal Court, Gallia County, Ohio, on behalf of Holzer Clinic, Inc. and/or Holzer Hospital Foundation, Inc. for medical services provided to consumers who: (1) do not live in Gallia County, and (2) did not receive medical services in Gallia County.

### V. CLASS RULE ALLEGATIONS

8. Named plaintiffs bring this action individually, and pursuant to Federal Civil Rules 23(a),(b)(2), and/or (b)(3). The class under the first claim for relief is defined as: all persons who were sued by defendant who did not receive their medical services in Gallia County and who, at the time of such suit, did not reside in Gallia County from July

26, 2005 through the present date.

9. The class under the second claim for relief is defined as: all persons who were sued by defendant who did not receive their medical services in Gallia County and who, at the time of such suit, did not reside in Gallia County from July 26, 2004 through the present date.

10. The members of the class are so numerous that joinder of all parties is impracticable. *See,* declaration of Steven C. Shane and reports attached to plaintiff's motion to take judicial notice, which are realleged and incorporated herein by reference.

11. There are questions of law or fact common to the class, including whether defendant filed collection actions against consumers in distant forums; and if so, whether the conduct violates the FDCPA and/or OCSPA.

12. Named plaintiffs' claims are typical of the class members in that they allege the same claims asserted on behalf of the class as a whole.

13. Named plaintiffs will fairly and adequately protect the interests of the class in that they have a personal desire to vindicate the rights of the class and they have retained competent counsel to represent the class.

14. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final equitable relief for the class as a whole.

15. Unless defendant is enjoined and restrained from continuing the foregoing illegal practices, named plaintiffs and the putative class will suffer substantial and irreparable injury for which they have no adequate remedy at law.

16. Prosecution of separate actions by individual class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

17. Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for defendants who are expected to oppose the class.

18. Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

19. Many of the persons with whom defendant has dealt, or who were affected by his activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## VI. <u>FIRST CLAIM FOR RELIEF — CLASS RELIEF</u>

20. Named plaintiffs reallege and incorporate by reference all of the allegations contained in the above paragraphs.

21. On or about June 1, 2006 defendant filed a collection action against named plaintiff, Pamela N. Tedrow, in Gallipolis Municipal Court, Gallia County, Ohio, Case No. CVF 0600539.

22. On or about August 31, 2005 defendant filed a collection action against named plaintiff, Tonya N. Pallo, in Gallipolis Municipal Court, Gallia County, Ohio, Case No. CVF 0501672.

23. Defendant violated named plaintiff's and the classes' rights under the FDCPA in several ways, including, but not limited to:

> a. Suing consumers in distant forums in violation of 15 U.S.C. § 1691i. *See, e.g., Scott v. Jones*, 964 F.2d 314 (4th Cir. 1992); and *Dutton v. Wolhar*, 809 F. Supp. 1130 (D. Del. 1992).
>
> b. Using false deceptive and/or misleading means and/or representations in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10).

24. As a result of defendant's actions and inactions, named plaintiffs and the class are entitled to relief as provided for by 15 U.S.C. § 1692k.

## VII. <u>SECOND CLAIM FOR RELIEF — CLASS RELIEF</u>

25. Named plaintiffs reallege and incorporate by reference all of the allegations contained in the above paragraphs.

26. Defendant knowingly violated the OCSPA, including, but not limited to, filing suits in distant forums.

27. Defendant's acts and practices have been determined by the courts of this state to violate O.R.C. §1345.02 and/or O.R.C. §1345.03. *See, e.g., Celebrezze v. United Research, Inc.*, 19 Ohio App. 3d 49 (9th Dist. 1984)(Public Inspection File No. 10000454).

28. Defendant's acts and practices were committed after the decisions containing these determinations were made available for public inspection under O.R.C. §1345.05(A)(3). *See, e.g., Santiago v. S.S. Kresge Co.*, 2 Ohio Op.3d 53 (C.P. Cuyahoga 1976) (Public Inspection File No. 10000391).

29. As a result of defendant's actions and inactions, named plaintiffs and/or the class are entitled to relief as provided for by O.R.C. § 1345.09.

## VIII. DEMAND FOR RELIEF

**WHEREFORE**, named plaintiffs demand that this Court enter judgment against defendant as follows:

    a. Enter an order that the class claims shall be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3).

    b. Enter declaratory and/or injunctive relief on behalf of named plaintiffs and/or the class prohibiting defendant from engaging in the above violations of law.

    c. Enter a judgment on behalf of named plaintiffs and the class against defendant for all statutory damages to

  which they and the class are entitled, but not less than $500,000.00.

  d. Enter a judgment for all relief named plaintiffs and/or the class are entitled to as provided for by O.R.C. § 1345.09.

  e. Award named plaintiffs and/or the class attorney's fees and costs.

  f. Grant named plaintiffs and/or the class any all other relief that is proper.

Respectfully requested,


| | |
|---|---|
| /s/Steven C Shane | /s/ Edward A. Icove |
| Steven C. Shane (0041124) | Edward A. Icove (0019646) |
| 321 Fairfield Ave. | SMITH & CONDENI LLP |
| P.O. Box 73067 | 1801 East Ninth Street, Suite 900 |
| Bellevue, Ky. 41073 | Cleveland, OH 44114 |
| (859) 431-7800 | Phone: (216) 771-1760 |
| Facsimile (859) 431-3100 | Fax: (216) 771-3387 |
| shanelaw@fuse.net | Email: Edward@smith-condeni.com |
| | |
| Trial Attorney for Plaintiffs | Trial Attorney for Plaintiffs |