## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**PAMELA M. TEDROW, et al.,**

              **Plaintiffs,**                    **Case No. 2:06-cv-637**
                                              **JUDGE GREGORY L. FROST**
      **v.**                                **Magistrate Judge Mark R. Abel**

**DOUGLAS M. COWLES,**

              **Defendant.**

### OPINION AND ORDER

Plaintiffs, Pamela M. Tedrow and Tonya N. Pallo, bring this action on behalf of themselves and all similarly situated persons under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k, *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code ("Ohio Rev. Code") § 1345.01, *et seq.*  This matter is before the Court on Plaintiffs' Amended Motion for Class Certification (Doc. # 15), Plaintiffs' Motion for an Order to Take Judicial Notice (Doc. # 16), and Defendant's Motion to Strike the Declaration of Steven C. Shane (Doc. # 29).

For the reasons that follow, the Court **GRANTS** Plaintiffs' Amended Motion for Class Certification (Doc. # 15), **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for an Order to Take Judicial Notice (Doc. # 16), and **DENIES** Defendants' Motion to Strike (Doc. # 29).

### I. Background

In the amended complaint, Plaintiffs allege that Defendant, an attorney, brought collection actions for medical services on behalf of Holzer Clinic, Inc. and the Holzer Hospital Foundation, Inc. ("Holzer") against them and a class of similarly situated individuals in the Gallipolis Municipal Court, Gallia County, Ohio.  (Doc. # 23, ¶ 7.)  Plaintiffs contend that it is

Defendant's regular practice to file these collection actions in Gallia County against debtors who did not reside in that county at the time suit was filed and who did not receive medical services in that county.  In other words, Defendant sued these debtors in "distant forums," which Plaintiffs allege is a violation of federal and state consumer protection laws.  *Id.*, ¶ 11.

Plaintiffs contend, and Defendant does not dispute, that the medical services that are the bases for the collection actions were rendered at the location the debtor signed the contract sued upon.[1]  Plaintiffs argue that the venue provision of the FDCPA[2] and the unconscionability provision of the OCSPA[3] require debt collection suits to be filed either where the debtor lives or where the debtor signed the contract sued upon, and that the collection actions Defendant filed in Gallia County violate these provisions.

---

[1]On deposition, Defendant testified: "I would assume that [the medical contracts] were signed at the place where service was rendered."  (Doc. # 27, at 190.)

[2]The venue provision of the FDCPA, provides in pertinent part:

Legal actions by debt collectors

(a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall--
  . . .
  (2) . . .  bring such action only in the judicial district or similar legal entity–

    (A) in which such consumer signed the contract sued upon; or
    (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i.

[3]The unconscionability provision of the OCSPA states in pertinent part:

(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.

Ohio Rev. Code § 1345.02(A).

On September 21, 2006, Plaintiff's filed their amended motion for class certification (Doc. # 15) attaching a declaration of Steven C. Shane in support of the motion.  The Shane declaration purports to authenticate a list of cases filed by Defendant in the Gallipolis Municipal Court on behalf of Holzer.  Also on September 21, 2006, Plaintiffs filed a motion asking this Court to take judicial notice of the existence of the lawsuits on the list attached to the Shane declaration and the proposition that fifty to eighty percent of those cases were improperly filed against consumers in the Gallipolis Municipal Court.  (Doc. #16.)

Defendant opposed the class certification motion (Doc. # 28), opposed the motion to take judicial notice (Doc. # 30), and filed a motion to strike the Shane declaration (Doc. # 29). Plaintiffs then filed a reply memorandum in support of their request for class certification (Doc. # 35), a reply memorandum in support of their request for an order taking judicial notice (Doc. # 34), and a memorandum in opposition to Defendant's motion to strike (Doc. # 33).[4]

## II.  Motion to Strike / Motion to Take Judicial Notice

In support of their class certification motion, Plaintiffs have offered a declaration, made under the penalty of perjury, from their counsel, Steven C. Shane, which purports to authenticate a list of nearly three thousand cases filed by Defendant on behalf of Holzer both one year and two years immediately prior to the filing of the instant action.  (Doc. # 16.)  The list shows the names of the plaintiff (Holzer) and the defendant, the case number and the date filed.  Shane declares that he received the list from the Clerk of Courts for the Gallipolis Municipal Court and that after review of the list and based upon his information and belief, between fifty and eighty percent of the cases were filed in violation of the FDCPA and/or the OCSPA.

---

[4]Defendant did not file a reply in support of his motion to strike.

Defendant moves to strike the Shane declaration and the case list (Doc. # 29) and

Plaintiffs request an order taking judicial notice of the documents (Doc. #16).

**A.  Defendant's Motion to Strike**

Defendant does not contest the accuracy of the case list attached as an exhibit to the

Shane declaration.  Instead, Defendant requests that the declaration and exhibits be stricken from

the record because, he argues, they are inadmissible under Rules 401, 801-807, and 901-902 of

the Federal Rules of Evidence.  (Doc. # 29.)  In opposition, Plaintiffs argue that this Court is free

to consider evidence that would not otherwise be admissible at trial because the rules of evidence

are not to be applied strictly in deciding a motion for class certification.  Plaintiffs' argument is

well taken.

As another judge of this district recently explained:

> Although at least one court has found that the Federal Rules of Evidence apply to
> proceedings under Rule 23, *see Mars Steel Corp. v. Continental Bank N.A.*, 880
> F.2d 928, 938 (7th Cir. 1989) (evidence rules apply to fairness hearing under
> Fed.R.Civ.P. 23(e)), other courts have concluded that on a motion for class
> certification, the evidentiary rules should not be strictly applied.  *See In re
> Hartford Sales Practices Litigation*, 192 F.R.D. 592, 597 (D.Minn. 1999)
> (declining to address admissibility of exhibits at class certification hearing);
> *Thompson v. Board of Educ. of Romeo Community Sch.*, 71 F.R.D. 398, 401-02 n.
> 2 (W.D.Mich. 1976) (concluding that evidence rules not binding in preliminary
> matters such as class certification, particularly where documentary evidence was
> not challenged as inaccurate, but only that necessary foundation had not been
> laid), *rev'd on other grounds*, 709 F.2d 1200 (6th Cir. 1983).

*Bacon v. Honda of Am. Mfg.*, 205 F.R.D. 466, 470 (S.D. Ohio 2001), *aff'd*, 370 F.3d 565 (6th

Cir. 2004) (denying the defendant's motion to exclude evidence for non-compliance with the

Federal Rules of Evidence).

Moreover, in considering a motion for class certification, this Court must accept as true

the factual allegations contained within a plaintiff's complaint.  *Reeb v. Ohio Dep't of Rehab.*

4

*and Corr.*, 81 F. App'x 550, 555 (6th Cir. 2003) ("*Reeb I*") (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)).  The Court perceives no essential difference between consideration of the allegations made in Plaintiffs' complaint and consideration of the averments in the Shane declaration, (*i.e.*, fifty to eighty percent, or 1451 to 2322, of the cases listed were filed against debtors who did not reside in Gallia County at the time of suit nor did they receive medical services there), for the limited purpose of deciding Plaintiffs' Amended Motion for Class Certification.

Thus, even if the Shane declaration does not strictly comply with the Federal Rules of Evidence, this Court will consider it and the case list it purports to authenticate in deciding Plaintiffs' Amended Motion for Class Certification.  Accordingly, the Court **DENIES** Defendant's Motion to Strike.  (Doc. # 29.)

### B.  Plaintiffs' Motion for an Order to Take Judicial Notice

Plaintiffs request that this Court take judicial notice of the Shane declaration and of the case list attached to it for the exclusive purpose of ruling on their motion for class certification. (Docs. # 16, 34.)  In opposition, Defendant argues that the case list and the declaration are not the proper subject of judicial notice.  (Doc. # 30.)  Defendant is partially correct.

That is, to the extent that the Shane declaration estimates the number of cases Defendant filed in Gallia County that would be considered filed in a distant forum, (*i.e.*, 1451 to 2322), it is not the proper subject of judicial notice because it is subject to reasonable dispute.  *See* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute . . . .").  *See also Henderson v Oregon*, 203 Fed App'x 45 (9th Cir. 2006) (adjudicative facts appropriate for judicial notice are typically different from facts found in affidavits supporting litigation

positions).  Thus, the Court declines to judicially notice the Shane declaration.

With regard to the case list, however, it is well settled that federal courts may take judicial notice of proceedings in other courts of record.  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (citing  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) and *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).  Thus, this Court takes judicial notice of the list of cases printed from the docket of the Gallipolis Municipal Court.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for an Order to Take Judicial Notice.  (Doc. # 16.)

### III.  Class Certification

#### A.  Standard

Following the proposal of a properly defined class, a district court addressing class certification must turn to Rule 23 of the Federal Rules of Civil Procedure to ascertain whether certification is            warranted.  Rule 23(a) sets forth the prerequisites to certifying a class under one of the Rule 23(b) provisions, providing:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  A district court must conduct a rigorous analysis of each factor.  *Reeb v. Ohio Dep't of Rehab. and Corr.*, 435 F.3d 639, 644 (6th Cir. 2006) ("*Reeb II*").

The burden is on the plaintiffs to establish a right to class certification.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003).  If the

plaintiffs satisfy all of the Rule 23(a) prerequisites, they may maintain a class action if they also meet one of the three types of class action suits recognized in Rule 23(b). Fed. R. Civ. P. 23(b); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc) ("No class that fails to satisfy all four of the prerequisites of Rule 23(a) may be certified, and each class meeting those prerequisites must also pass at least one of the tests set forth in Rule 23(b)."). *See also Reeb II*, 435 F.3d at 645; *Alkire*, 330 F.3d at 820. Plaintiffs here seek to proceed under subsections (b)(2) and/or (b)(3) of Rule 23. (Doc. # 23, ¶ 8.)

Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "Actions for class-wide injunctive or declaratory relief 'involve uniform group remedies' which may often be awarded 'without requiring a specific or time-consuming inquiry into the varying circumstances and merits of each class member's individual case.' " *Bacon*, 205 F.R.D. at 483-84 (*citing Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 414 (5th Cir. 1998)).

Rule 23(b)(3) permits class certification where the requirements of Rule 23(a) are met and the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). A failure to meet either the Rule 23(b)(3) predominance or superiority requirements precludes certification under that portion of the rule. *Amchem Prods., Inc. v Windsor*, 521 U.S. 591, 615 (1997); *Reeb I*, 81 F. App'x at 552 n.2 (quoting *Amchem*, 521 U.S. at 615).

In addressing the foregoing requirements, a district court cannot inquire into the merits of

the class representatives' underlying claims. *Reeb I*, 81 F. App'x at 555 (citing *Eisen*, 417 U.S. at 178). Instead, the district court must accept as true the factual allegations contained within a plaintiff's complaint. *Id.*

In addition to the foregoing principles, the Court notes that it must also err in favor of certification when there is some doubt as to whether to certify a class. *Eddleman v. Jefferson County, Ky.*, 96 F.3d 1448, 1996 WL 495013, at *3 (6th Cir. Aug. 29, 1996) (unpublished table decision) ("When evaluating whether to certify the class . . . any doubts as to certification should be resolved in favor of plaintiffs."). This is not a blanket endorsement of certification, however, because at any time before final judgment, a district court has the discretion to modify the certification order and even to decertify the class in light of subsequent litigation developments. Fed. R. Civ. P. 23(c)(1)(C); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006) (citing *Falcon*, 457 U.S. at 160).

Guided by the foregoing principles, the Court shall proceed to examine the proposed class definitions and each Rule 23 requirement individually.

**B.  Class Definitions**

A threshold issue that is implicit in a Rule 23 inquiry is that a court conclude that the named plaintiffs seeking certification propose an identifiable, unambiguous class in which they are members. *Foster v. D.B.S. Collection Agency*, No. 01-CV-514, 2002 WL 484500, at *3 (S.D. Ohio Mar. 26, 2002) (citing *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. 1989)).

In the instant action, Plaintiffs move to certify this matter as a class action for statutory and actual damages and declaratory and injunctive relief under the FDCPA, 15 U.S.C.

§§ 1692k(a), 1691a(e) and under the OCSPA, Ohio Rev. Code § 1345.09(B).  Plaintiffs propose the following class definitions:

> The class under the first claim for relief is defined as: all persons who were sued by defendant who did not receive their medical services in Gallia County and who, at the time of such suit, did not reside in Gallia County from July 26, 2005 through the present date.
>
> The class under the second claim for relief is defined as: all persons who were sued by defendant who did not receive their medical services in Gallia County and who, at the time of such suit, did not reside in Gallia County from July 26, 2004 through the present date.

(Doc. # 23, ¶¶ 8, 9.)

These proposed definitions set forth two identifiable and unambiguous classes.  That is, each specifies a particular group that was allegedly harmed: those individuals sued by Defendant in Gallia County who did not receive medical services in that county, (as evidenced by an absence of any medical services contract signed in that county) and who did not reside in that county at the time Defendant filed suit.  As discussed supra, those individuals who did not The sufficiently narrow definitions also include a particular location, and, in light of the amended complaint allegations, target the harm occurring in a particular way, (*i.e.*, being sued in a distant forum).  They also facilitate this Court's ability to ascertain class membership in an objective manner, by looking at the Gallipolis Municipal Court docket.  Moreover, Plaintiffs are members of the proposed class, as evidenced by their declarations that indicate that they neither resided in Gallia County nor received medical care in Gallia County.  (Doc. # 35.)

The Court thus concludes that Plaintiffs have adequately presented two properly defined classes and that an examination of the Rule 23 requirements is warranted.

## C. Rule 23(a) Requirements

### 1. Numerosity

The numerosity requirement of Rule 23(a)(1) is satisfied where the potential class members are "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The United States Court of Appeals for the Sixth Circuit has explained:

> We have observed that "[t]here is no strict numerical test for determining impracticability of joinder."  *In Re American Med. Sys., Inc.*, 75 F.3d [1069,] 1079 [(6th Cir. 1996)] (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir.), cert. denied, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976)).  Indeed, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."  *Gen. Tel. Co. of the Northwest, Inc., v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).  Nevertheless, while "the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative."  *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001) (quotation and citations omitted); *see also* 7A Charles Alan Wright & Arthur R. Miller, Mary Kay Kane, Federal Practice And Procedure § 1762 (3d Ed.2001) (observing that the party seeking class certification "bear[s] the burden of showing impracticability and mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)").

*Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005).  Thus, "while there is no strict numerical test, 'substantial' numbers usually satisfy the numerosity requirement." *Daffin*, 458 F.3d at 552 (holding that thousands of claimants satisfies numerosity requirement).  Although the substantial numbers must be based on more than mere speculation, *Golden*, 404 F.3d at 966, all that is required in a class certification inquiry is an adequate statement of the basic facts demonstrating that Plaintiffs have met the requirements.  *See Reeb I*, 81 F. App'x at 555 (describing facts needed for all Rule 23 requirements).  Provided such adequate facts are before the Court, the "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)."  *Bacon v. Honda of Am.*

*Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (proposed class of over 800 sufficient of itself to satisfy numerosity).  *See also In re Am. Med. Sys., Inc.*, 75 F.3d at 1079 ("When class size reaches substantial proportions . . .the impracticability requirement is usually satisfied by the numbers alone."); Moore's § 23.22[1][b], at 23-58 to -59.

In the instant action, Defendant does not argue that the putative class is too small to meet the numerosity requirement.  Instead, as discussed *supra*, Defendant merely argues that the evidence Plaintiffs submit to establish the number of class members is inadmissible under the Federal Rules of Evidence.  This Court, however, disagrees and, as explained above, accepts the evidence submitted by Plaintiffs for the purpose of deciding their motion for class certification.  Hence, the non-speculative information that Plaintiffs have placed before the Court indicates that there are at least 1451 debtors who were sued in a distant forum.  (Doc. # 15, at 8; Doc. # 35, at 7.)  This alone satisfies the numerosity requirement.  *See Bacon*, 370 F.3d at 570 (class of 800 satisfies Rule 23(a)(1));  *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393 (S.D. Ohio 2007) (850 sufficient); *Mann v. Acclaim Fin. Serv., Inc.,* 232 F.R.D. 278, 283-84 (S.D. Ohio 2003) (1000 sufficient).

### 2. *Commonality*

This Court also concludes that Plaintiffs' allegations are sufficient to satisfy the commonality requirement of Rule 23(a)(2), which provides that a class can be certified only if "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The Sixth Circuit has stated that "[a]lthough Rule 23(a)(2) speaks of 'questions' in the plural . . . there need only be one question common to the class."  *Sprague*, 133 F.3d at 397.  As another judge in this district has held previously, commonality exists "as long as the members of the class have

allegedly been affected by a general policy of the defendant, and the general policy is the focus of the litigation." *McGee v. Ohio Gas Co.*, 200 F.R.D. 382, 390 (S.D. Ohio 2001) (quoting *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D. Ohio 1992)). Stated differently, the commonality test is met when there is at least one issue the resolution of which will advance the litigation by affecting a significant number of the proposed class. *Sprague*, 133 F.3d at 397; *see also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422 (6th Cir. 1998).

Here, Defendant argues that Plaintiffs fail to meet the commonality prong of Rule 23(a) because they have failed to show "that they and/or the proposed class members were harmed by a 'general policy' of the Defendant." (Doc. # 28, at 8.) This Court disagrees.

Plaintiffs have sufficiently alleged that Defendant has engaged in the general practice of filing collection actions against them and other debtors in distant forums. (Doc. # 23, ¶ 11.) Therefore, the common question of fact is whether Defendant indeed filed collection actions against Plaintiffs and other consumers in distant forums. *See id.* The common question of law is whether defendant's routine practice of suing consumers in distant forums violates the FDCPA and/or OCSPA. *See id.*

These questions of law and fact are central to Plaintiffs' and to the proposed class' claims, are the focus of this litigation, and resolution of them will unquestionably affect a significant number of the proposed class. *See Sprague*, 133 F.3d at 397. Indeed, without proof of these, no plaintiff could recover. Thus, Plaintiffs here satisfy the commonality requirement of Rule 23(a)(2).

### 3. Typicality

The third requirement under Rule 23(a) is that Plaintiffs' claims be typical of the claims of

the putative class. Fed. R. Civ. P. 23(a)(3). Defendant here challenges the typicality of Plaintiff's claims. Defendant posits that the claims are not typical because "they fail to allege, or prove, sufficient facts to show they or the proposed class members were harmed by Defendant, and cannot, therefore, show their claims or defenses are typical of the class." (Doc. # 28 at 9). This Court disagrees.

The Sixth Circuit has recently provided an explanation for the method of analysis necessary to evaluate typicality in a given case, stating that "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399. *See also McGee*, 200 F.R.D. at 390. Specifically,

> "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. . . . A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members."

*Id.* (quoting *Am. Med. Sys.*, 75 F.3d at 1082).

In this case, Plaintiffs will advance the interests and the claims of the absent members of the class. Plaintiffs maintain exactly the same causes of action on their own behalf as they do on behalf of the putative class. The proofs that are required for their own claims to prevail are those necessary for the putative class to prevail. That is, all interests are advanced by proving that Defendant has a policy and/or practice of bringing civil actions against debtors in violation of federal and state law. Thus, Plaintiffs have satisfied the typicality requirements.

### 4. Adequacy

The final requirement of Rule 23(a) mandates that the Court examine the adequacy of the class representatives. The representative parties must "fairly and adequately protect the interests

of the class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement is designed to protect class members who are not named as parties to the action but nevertheless who will be bound by a subsequent judgment. *Hansberry v. Lee*, 311 U.S. 32, 45 (1940). *See also Smith v. Babcock*, 19 F.3d 257, 265 n.13 (6th Cir. 1994) (holding that "[n]o class should be certified where the interests of the members are antagonistic, because the preclusive effect of the verdict may deprive unnamed class members of their right to be heard").

The Sixth Circuit has articulated two criteria for determining adequacy of representation: "1) [t]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir.). There can be no conflict between the named plaintiffs and other members of the class, and the named plaintiffs must be able to fulfill their various duties. *See id.*

In the case *sub judice*, Plaintiffs contend that, their interests,( *i.e.*, "the protection offered by the FDCPA and the OCSPA") are identical to the interests of every other class member. Further, Plaintiffs assert that their counsel will pursue the claims before this Court to final judgment and protect all members of the class. Plaintiffs' arguments are well taken.

The Court concludes that both prongs of the Rule 23(a)(4) test are met. There is no apparent antagonism between Plaintiffs' claims and that of the class. Indeed, their interests are coextensive, in that they all seek a declaration that they have been sued in a distant forum in violation of federal and state law, they all request damages for these violations, and they all have an equal interest in preventing the alleged illegal acts. Thus, any declaratory or injunctive relief will benefit all members of the class. There is also no indication that Plaintiffs' counsel is

14

unqualified to handle this matter, or that Plaintiffs or their counsel will neglect their duties to

investigate claims on behalf of all members of the class. *See Mann*, 232 F.R.D. at 285 (under

analogous circumstances concluding same).  Therefore, this Court concludes that the adequacy

element of Rule 23(a)(4) has been satisfied.

### D.  Rule 23(b) Requirements

In light of the Court's conclusion that the four prerequisites for class certification under

Rule 23(a) have been satisfied, the Court will now proceed with the analysis under Rule 23(b).

*Senter*, 532 F.2d at 522.

#### 1.  Rule 23(b)(2)

"Plaintiffs seek certification under Rule 23(b)(2), which allows a class action to be

maintained if the party opposing the class has acted in a manner generally applicable to the class,

thus making the entry of final injunctive relief or corresponding declaratory relief appropriate."

*Mann*, 232 F.R.D. at 285 (although injunctive relief is not authorized in FDCPA cases,

corresponding declaratory relief is allowed for alleged violations of the FDCPA).  Defendant

argues that Plaintiffs have failed to provide information sufficient for this Court to determine

whether this action qualifies for (b)(2) certification.  This Court disagrees.

It is hard to imagine a proposed class more appropriate for (b)(2) certification than the one

presently before the Court.  Defendant is charged with having a policy and/or practice of violating

the FDCPA and the OCSPA by filing cases against debtors in distant forums.  The putative class

requests that this Court order Defendant to cease doing so.  Effectively, the putative class seeks a

judgment settling the legality of the behavior with respect to the class as a whole.  Thus, this

Court concludes that certification under 23(b)(2) is warranted.  *See id.* (certifying (b)(2) class in

action under the FDCPA and the OCSPA);  *Seawell v. Universal Fid. Corp.*, 235 F.R.D. 64 (E.D.

Pa 2006) (certifying (b)(2) class in FDCPA action); *Gammon v. GC Servs. Ltd. P'ship*, 162

F.R.D. 313 (N.D. Ill. 1995) (same).

### 2.  *Rule 23(b)(3)*

Rule 23(b)(3) requires that questions of law or fact common to the members of the class

predominate over any questions affecting only individual members and that a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.  Fed.

R. Civ. P. 23(b)(3).  "To qualify  for certification under Rule 23(b)(3), a class must meet two

requirements beyond the Rule 23(a) prerequisites: Common questions must predominate over any

questions affecting only individual members; and class resolution must be superior to other

available methods for the fair and efficient adjudication of the controversy."  *Amchem*, 521 U.S.

at 615 (internal quotation marks omitted).  Defendant argues, again, that Plaintiffs have failed to

provide information sufficient for this Court to determine whether this action qualifies for (b)(3)

certification.  This Court again disagrees.

Plaintiffs have alleged that Defendant routinely files actions against consumers in distant

forums.  The nature and legality of this practice is the common focus of this action and gives rise

to the common questions before the Court.  That is, if the challenged practice is not proven to

exist, or is determined to be lawful, Defendant will be entitled to judgment and the controversy

ended.  If this practice is proven unlawful, all that will be left to complete the case would be the

determination of damages under 15 U.S.C. § 1692k(a).  Moreover, when a court can determine

liability on a class-wide basis, the fact that the damages calculation may involve individualized

analysis is not by itself sufficient to preclude certification.  *See Olden v. LaFarge Corp.*, 383 F.3d

495, 509 (6th Cir. 2004).  Thus, Plaintiffs have sufficiently demonstrated that common issues predominate over potential individual issues.

Further, the Court concludes that class resolution is superior to other available methods for the fair and efficient adjudication of this action.  As Plaintiffs convincingly argue, the majority of putative class members would not likely have their day in court on these claims if a class is not certified because of a lack of sophistication, lack of resources, lack of representation and similar barriers.  (Doc. # 15, at 13-15.)  Indeed, the maximum statutory damages provided for in individually prosecuted claims is $1,000.00.  *Id.* at 3.  *See also* 15 U.S.C. 1692k(a)(2)(A) ("in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000").  Also, concentration of claims in this forum is judicially economical, because it ensures that these issues will only have to be considered and resolved once.  Finally, certification would avoid inconsistent outcomes and ensure a final and reliable resolution of the claims.

Thus, because common questions predominate and class action resolution is superior to individual causes of action, 23(b)(3) certification is appropriate.  *See Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345 (E.D. NY 2006) (certifying (b)(3) class in action under the FDCPA); *Lucas v. GC Servs. L.P.*, 226 F.R.D. 337.(N.D. Ind. 2005) (same); *Liles v. Am. Corrective Counseling Servs.*, 231 F.R.D. 565 (S.D. Iowa 2005) (same); *Tyrell v. Robert Kaye & Assocs., P.A.*,  223 F.R.D. 686 (S.D. Fla. 2004); *Carbajal v Capital One, F.S.B.*, 219 F.R.D. 437 (N.D. Ill. 2004) (same).

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike the

Declaration of Steven C. Shane (Doc. # 29) and **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for an Order to Take Judicial Notice (Doc. # 16).  Specifically, the Court judicially notices the portion of the docket of the Gallipolis Municipal Court submitted to this Court with Plaintiffs' Amended Motion for Class Certification (Doc. # 16) and declines to take judicial notice of the Shane declaration.  Further, the Court **GRANTS** Plaintiffs' Amended Motion for Class Certification (Doc. # 15) and hereby certifies two classes under 23(b)(2) and 23(b)(3).  *See Olden*, 383 F.3d at 510-11 (those aspects of the case not falling within Rule 23(b)(2) will be heard on a class basis under (b)(3)).  The first claim for relief in this action is brought pursuant to the FDCPA and the class is defined as follows:

> The class under the first claim for relief is defined as: all persons who were sued by defendant who did not receive their medical services in Gallia County and who, at the time of such suit, did not reside in Gallia County from July 26, 2005 through the present date.

The second claim for relief in this action is brought under OCSPA and the class is defined as follows:

> The class under the second claim for relief is defined as: all persons who were sued by defendant who did not receive their medical services in Gallia County and who, at the time of such suit, did not reside in Gallia County from July 26, 2004 through the present date.

Further, Plaintiffs are **DIRECTED** to provide the "best notice practicable" for class members, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure.

At any time before final judgment, the Court shall modify this certification order or even decertify the class should subsequent circumstances warrant such action.

**IT IS SO ORDERED**.

      /s/  Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

18